FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

July 21, 2021

No. 04-21-00239-CV

James Thomas **GREEN**,
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE**, J. Doe(s), Evelyn Castro, Maria
Ramirez, Elida DeLaRosa, Eric Fletcher,
Appellees

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 2020-08-00149-CVL
Honorable Lynn Ellison, Judge Presiding

# O R D E R

Sitting:     Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

On April 4, 2021, the trial court signed an order purporting to grant a motion filed by appellees that requested dismissal of appellant's claims against the individual appellees "pursuant to Texas Civil Practice and Remedies Code §101.106(f)." The trial court's April 4 order further decreed, "because sovereign immunity would ultimately bar [appellant's] suit against the Texas Department of Criminal Justice under the Texas Tort Claims Act, all tort allegations in this cause of action are hereby DISMISSED with prejudice." On June 7, 2021, appellant filed his notice of appeal. That same day, he filed a written request for the preparation of a clerk's record. *See* TEX. R. APP. P. 34.5(b)(1), (2). Appellant's written request designated for inclusion in the clerk's record, inter alia, "Defendants' [1st] Motion to Dismiss (filed Dec. 15, 2020)," "Defendants' [2nd] Motion to Dismiss (filed Jan. 13, 2021)," "Defendants' [3rd] Motion to Dismiss (filed Feb. 9, 2021)," and "Defendants' [4th] Motion to Dismiss (filed Feb. 8, 2021)" (collectively, "the four motions appellant designated for inclusion in the clerk's record"). Despite appellant's written request, the original clerk's record filed in this court on June 10, 2021 does not include the four motions appellant designated for inclusion in the clerk's record. Nor does it include any other motions requesting dismissal of appellant's claims against appellees.

On June 28, 2021, in response to an inquiry from this court, the district clerk filed a supplemental clerk's record containing a motion unrelated to the order at issue in this appeal. *See*

*id.* R. 34.5(c)(1) (if relevant item is omitted from clerk's record, appellate court may direct trial court clerk to prepare, certify, and file supplemental clerk's record). Because the four motions appellant designated for inclusion in the clerk's record had still not been filed, this court again contacted the district clerk, who responded, "I looked through the file and I don't show these document[s] ever being filed. It looks like they were efiled but rejected, as per Judge's instructions, because they needed a hearing." In a follow-up phone call from this court, LaSalle County District Clerk Margarita A. Esqueda stated her office was working with its electronic filing service processor to allow those documents to be entered into the system. Ms. Esqueda further stated that her office would file a supplemental clerk's record when that process was completed. On July 14, 2021, the district clerk filed a supplemental clerk's record containing a "Defendants' Motion to Dismiss for Lack of Jurisdiction." However, both the certificate of service and the file stamp on that motion indicate it was filed on June 4, 2021—two months *after* the trial court signed the order at issue in this appeal. As of the date of this order, the district clerk has not filed a supplemental record containing either the four motions appellant designated for inclusion in the clerk's record or any other motions to dismiss that predate the trial court's order dismissing this case.

Based on the foregoing, we **ORDER** LaSalle County District Clerk Margarita A. Esqueda to, **by August 2, 2021**, either:

(1) file a supplemental clerk's record containing the four motions appellant designated for inclusion in the clerk's record, specifically:

(a) "Defendants' [1st] Motion to Dismiss (filed Dec. 15, 2020),"
(b) "Defendants' [2nd] Motion to Dismiss (filed Jan. 13, 2021),"
(c) "Defendants' [3rd] Motion to Dismiss (filed Feb. 9, 2021)," and
(d) "Defendants' [4th] Motion to Dismiss (filed Feb. 8, 2021)"; or

(2) show cause in writing why those documents have not been included in the clerk's record.

*See id.* R. 35.3(c) ("The appellate court may enter any order necessary to ensure the timely filing of the appellate record."). If the four motions appellant designated for inclusion in the clerk's record have not been filed because those documents have been lost or destroyed, we further **ORDER** Ms. Esqueda to notify this court, the trial court, and the parties of that loss or destruction in writing **by August 2, 2021,** so the parties and the trial court can take appropriate action. *See id.* R. 34.5(e) (establishing procedure to be followed "[i]f a filing designated for inclusion in the clerk's record has been lost or destroyed").

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 21st day of July, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court